16-3506
*Zhantiao Cheng v. Sessions*

BIA
Schoppert, IJ
A205 614 660

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand eighteen.

PRESENT:
JOHN M. WALKER, JR.,
GUIDO CALABRESI,
JOSÉ A. CABRANES,
*Circuit Judges.*

_____

ZHANTIAO CHENG,
*Petitioner,*

v.                                                          16-3506
NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Russell J.E.
                       Verby, Senior Litigation Counsel;
                       Kristin Moresi, Trial Attorney,
                       Office of Immigration Litigation,
                       United States Department of
                       Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhantiao Cheng, a native and citizen of the People's Republic of China, seeks review of a September 30, 2016, decision of the BIA affirming a July 27, 2015, decision of an Immigration Judge ("IJ") denying Zhantiao Cheng's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhantiao Cheng,* No. A205 614 660 (B.I.A. Sept. 30, 2016), *aff'g* No. A 205 614 660(Immig. Ct. N.Y. City July 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed only the IJ's eligibility determination explicitly affirmed by the BIA, not the IJ's alternative discretionary denial of asylum. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *See Y.C. v. Holder*, 741 F.3d 324, 332-33 (2d Cir. 2013).

Zhantiao Cheng alleged that he had a well-founded fear of future persecution based on his participation in the China Democracy Party ("CDP") in the United States. He had the burden to show that the claim was subjectively credible and that the fear was objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). An applicant whose claim is based solely on events or activities in the United States must show that the Chinese government is "aware of his activities or likely to become aware of his activities." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). These types of claims of future persecution require careful analysis because they are "easy to manufacture." *Y.C.,* 741 F.3d at 338. Ultimately, Zhantiao Cheng was required to show that he was credible and that the Chinese government was aware or likely to become aware of his activities. We find no error in the agency's conclusions that Zhantiao Cheng failed in both respects.

First, the agency reasonably concluded that Zhantiao Cheng's credibility was undermined by omissions and inconsistencies. The agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility

3

determination on inconsistencies or omissions in an applicant's oral and written statements and other record evidence, regardless of whether any such discrepancies "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 163-64, 166-67 (2d Cir. 2008). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency reasonably relied on Zhantiao Cheng's omission of his arrest on his original asylum application and inconsistencies in his testimony about his arrest and guilty plea. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 (holding that "[a]n inconsistency and an omission are . . . functionally equivalent" for credibility purposes). Zhantiao Cheng's omission of his arrest from his asylum application cast doubt on his credibility and his lack of straightforward answers about the charge and plea further undermined his credibility. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to

4

the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

The IJ was not required to accept Zhantiao Cheng's explanation that he was nervous when he signed his application. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks and citation omitted)). Although Zhantiao Cheng argues that he did not understand the term "arrest" and testified consistently, the record supports the IJ's conclusions given Zhantiao Cheng's seeming understanding that he had been charged with a crime. *See Siewe*, 480 F.3d at 167 ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. . . . Rather, a reviewing court must defer to that choice so long as the deductions are not illogical or implausible." (citations and quotation marks omitted)).

Second, Zhantiao Cheng did not otherwise meet his burden of establishing that Chinese authorities were aware or likely

to become aware of his political activities.  *See Hongsheng Leng*, 528 F.3d at 143.  The IJ declined to credit a letter from Zhantiao Cheng's mother stating that Chinese police were searching for him.  Zhantiao Cheng has waived any challenge to this determination.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (providing that issues not raised in an opening brief are waived).  Moreover, the IJ did not err in giving the letter little weight, *see Y.C.*, 741 F.3d at 334 (deferring to IJ's decision not to credit letter from spouse in China).  Further, Zhantiao Cheng's claim that articles he published online about the CDP would be discovered by Chinese authorities, absent more concrete evidence, is "pure speculation."  *Id.*  Zhantiao Cheng's failure to meet his burden for asylum also precludes him from meeting the higher standards for withholding of removal and CAT relief.  *Id*. at 335.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument

6

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

```
                                FOR THE COURT:
                                Catherine O'Hagan Wolfe,
                                Clerk of Court
```